UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH and
SHERRY ANN TERMARSCH,

     Plaintiffs,

v.     Case No. 05-73137
    Honorable Patrick J. Duggan

HOMEEQ SERVICING CORPORATION,
DEUTSCHE BANK NATIONAL TRUST CO.,
NEW CENTURY MORTGAGE,
FABRIZIO & BROOK, P.C., and JONATHAN
L. ENGMAN,

     Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 7, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this *pro se* lawsuit on August 15, 2005, raising several claims apparently related to a mortgage on real property. Some of the defendants subsequently filed separate motions for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.[1] In their motions, defendants assert that plaintiffs' initial

---

[1] Defendant Fabrizio & Brook filed its motion on September 6, 2005; defendant HomeEq Servicing Corporation filed its motion on September 8, 2005; and defendant New Century Mortgage filed its motion on September 12, 2005. On October 7, 2005, the

1

complaint is so vague and ambiguous that the individual defendants are not able to determine which allegations pertain to which party or the documents, notices, or disclosures plaintiffs allege defendants failed to provide to them.  Apparently in response to defendants' motions, plaintiffs filed an amended complaint on September 19, 2005.

In their amended complaint, plaintiffs more clearly set forth the actions committed by each defendant and the specific documents, notices, or disclosures a particular defendant failed to furnish to them.  Defendants New Century Mortgage ("New Century") and HomeEq Servicing Corporation ("HomeEq") filed answers to the amended complaint on October 3 and 4, 2005, respectively.  On October 3, Defendant Fabrizio & Brooks filed a motion to dismiss the amended complaint for failure to state a complaint upon which relief may be granted.  Based on the answers filed by New Century and HomeEq and the motion to dismiss filed by Fabrizio & Brooks, the Court believes Plaintiffs– by filing an amended complaint– have cured the deficiencies raised in Defendants' motions for more definite statement.[2]

Accordingly,

**IT IS ORDERED**, that Defendant Fabrizio & Brook's motion for more definite

---

court issued a notice informing the parties that it was dispensing with oral argument with respect to defendants' motions in accordance with Local Rule 7.1(e).

[2]To the extent it is still unclear to any defendant exactly what plaintiffs' claims are against that defendant, the Court suggests defendants schedule plaintiffs' depositions during which defendants, through questioning, can obtain in more detail what claims Plaintiffs are asserting against each defendant and the basis for such claims.

statement is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Defendant HomeEq Servicing Corporation's motion for more definite statement is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Defendant New Century Mortgage's motion for more definite statement is **DENIED AS MOOT**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
David Lee & Sherry Ann TerMarsch
Phillip E. Seltzer, Esq.
Marilyn H. Mitchell, Esq.
Thomas G. Costello, Esq.