UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH and
SHERRY ANN TERMARSCH,

      Plaintiffs,

v.                                      Case No. 05-73137
                                         Honorable Patrick J. Duggan

HOMEEQ SERVICING CORPORATION,
DEUTSCHE BANK NATIONAL TRUST CO.,
NEW CENTURY MORTGAGE,
FABRIZIO & BROOK, P.C., and JONATHAN
L. ENGMAN,

      Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 21, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

      Plaintiffs initiated this *pro se* lawsuit on August 15, 2005, raising several claims apparently related to a mortgage on real property. Some of the defendants, including New Century Mortgage Corporation ("New Century"), subsequently filed separate motions for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Apparently in response to defendants' motions, plaintiffs filed an amended complaint on September 19, 2005. Defendants New Century and HomeEq Servicing

Corporation filed answers to the amended complaint on October 3 and 4, 2005, respectively.  On October 3, Defendant Fabrizio & Brooks filed a motion to dismiss the amended complaint for failure to state a complaint upon which relief may be granted.  Presently before the Court is plaintiffs' Motion for a Hearing On Plaintiff's [sic] Motion for Default Judgement Under Rule 55(a)(1) and (2), filed October 18, 2005.  In their motion, plaintiffs ask the Court to schedule a hearing with respect to the motion for default judgment that they filed on October 3, 2005, which the Clerk denied on October 6, 2005.

>Rule 55(a) of the Federal Rules of Civil Procedure provides:
>
>>When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

FED. R. CIV. P.  55(a).  Rule 55 provides that the Clerk may enter judgment by default if *inter alia* the defendant has been defaulted for failure to appear.  FED. R. CIV. P. 55(b)(1).  In this case, New Century filed a motion for more definite statement in response to plaintiffs' initial complaint in lieu of filing an answer.  The Federal Rules of Civil Procedure allow a defendant to file such a motion prior to filing an answer.  *See* FED. R. CIV. P.  12(a)(4) and 12(e).  In response to plaintiffs' amended complaint, New Century filed a timely answer.  New Century, therefore, has not failed to plead or otherwise defend.  As a result, Plaintiffs are not entitled to an entry of default or a default judgment.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for a Hearing on Plaintiffs' Motion for Default Judgment under Rule 55(a)(1) and (2) is **DENIED**.

                                                                      _____
                                                                      s/PATRICK J. DUGGAN
                                                                      UNITED STATES DISTRICT JUDGE

Copies to:
David Lee & Sherry Ann TerMarsch
C. Thomas Ludden, Esq.
Marilyn H. Mitchell, Esq.
Thomas G. Costello, Esq.