UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH and
SHERRY ANN TERMARSCH,

      Plaintiffs,

v.                                        Case No. 05-73137
                                          Honorable Patrick J. Duggan

HOMEQ SERVICING CORP.,
DEUTSCHE BANK NATIONAL TRUST CO.,
NEW CENTURY MORTGAGE, and
FABRIZIO & BROOK P.C.,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 18, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiffs David Lee TerMarsch and Sherry Ann TerMarsch ("Plaintiffs") filed this *pro se* lawsuit against Defendants alleging numerous violations of various federal statutes and regulations. Presently before the Court is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendant Fabrizio & Brook P.C. ("Fabrizio & Brook") on October 3, 2005. On November 18, 2005, this Court sent a notice to the parties informing them that the Court is dispensing with oral argument with respect to Fabrizio & Brook's

1

motion pursuant to Local Rule 7.1(e)(2). For the reasons that follow, the Court grants Fabrizio & Brook's motion to dismiss.

## Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996).

This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *See In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted). A court should not grant a 12(b)(6) motion unless the movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Applicable Law and Analysis

Fabrizio & Brook is a Michigan law firm. Defendant HomEq Servicing Corporation ("HomEq"), as an agent of Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), hired Fabrizio & Brook to institute state non-judicial

foreclosure proceedings with respect to property held by Plaintiffs as a result of Plaintiffs' alleged default on a mortgage on the property. Defendant New Century Mortgage Company ("New Century") originally issued the mortgage. The mortgage subsequently was assigned to Deutsche Bank.

The foreclosure proceedings eventually were withdrawn– before a sheriff's sale of the property occurred– because Plaintiffs filed for bankruptcy. In mid-2005, Fabrizio & Brook was asked to recommence the foreclosure proceeding. The foreclosure proceeding, however, was never re-instituted.

In their First Amended Complaint, Plaintiffs make the following allegations against Fabrizio & Brook and one of its attorney's, Jonathan Engman:[1]

> 16. The Defendant, JOHNTHAN [SIC] L. ENGMAN OF FABRIZIO & BROOK, P.C., did not at any time disclose with verifiable evidence, to the Plaintiffs his absolute authority in this matter. His engagement letter; his acceptance of trusteeship letter; his power of attorney to act for and in behalf of the trustor or the beneficiary; nor documents showing his commission, bond, oath to act in his capacity, were ever disclosed to Plaintiff [sic].
>
> 18. [sic] The Defendant, JOHNTHAN [SIC] L. ENGMAN OF FABRIZIO & BROOK, P.C., did not at any time apply for the required foreclosure commission designation from HUD as required by USC Title 12, Chapter 38A (d)(1). Since this note was used by

---

[1] In their initial complaint, Plaintiffs did not name attorney Jonathan L. Engman as a defendant. Plaintiffs name Mr. Engman as a defendant in the heading of their amended complaint; however, according to the Court's docket, a summons has not been issued for Mr. Engman nor is there any indication that he has been served.

>   Fannie Mae.  This loan falls under the auspices of HUD.
>
> 19. The Defendant, JOHNTHAN L. ENGMAN OF FABRIZIO & BROOK, P.C., did not at any time protect the interests of the mortgagor as required by USC Title 12, Chapter 38A(b).

*See* Am. Compl. ¶¶ 16-19.  Plaintiffs also refer to Fabrizio & Brook in paragraph 109 of their amended complaint with respect to violations of the Sarbanes-Oxley Act.  *See id*. ¶ 109.  However it appears from Plaintiffs' response to Fabrizio & Brook's motion to dismiss that Plaintiffs are alleging that New Century, not Fabrizio & Brook, violated the filing requirements of the Sarbanes-Oxley Act.

Fabrizio & Brook represented HomEq, not Plaintiffs.  Plaintiffs do not allege that they had an attorney-client relationship with Fabrizio & Brook; nor do they allege any other relationship that would create a legal duty for the firm or its attorneys to protect Plaintiffs' interests.  Plaintiffs also fail to state any other authority that would require Fabrizio & Brook or Mr. Engman to disclose their authority to initiate foreclosure proceedings, as alleged in paragraph 16 of the verified complaint.

In paragraphs 18 and 19, Plaintiffs allege that Fabrizio & Brook failed to comply with provisions of Chapter 38A of the Single Family Mortgage Foreclosure Act of 1994, 12 U.S.C. §§ 3751-3768.  The provisions Plaintiffs cite, however, only apply to foreclosures on behalf of the Secretary of Housing and Urban Development ("HUD").  *See* 12 U.S.C. § 3751.  Chapter 38A sets forth federal foreclosure proceedings for HUD loans. Plaintiffs do not allege that HUD issued their mortgage or that HUD ever held their

mortgage. New Century initially issued Plaintiffs' mortgage and Deutsche Bank held the mortgage when foreclosure proceedings were initiated. The Secretary of HUD did not initiate foreclosure proceedings with respect to Plaintiffs' property. Therefore Chapter 38A does not apply to any foreclosure proceedings instituted with respect to Plaintiffs' mortgage.

Based on the above, the Court concludes that Plaintiffs fail to state a claim against Fabrizio & Brook upon which relief can be granted. Accordingly,

**IT IS ORDERED**, that Defendant Fabrizio & Brook's motion to dismiss is **GRANTED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
David Lee & Sherry Ann TerMarsch
C. Thomas Ludden, Esq.
Marilyn H. Mitchell, Esq.
Thomas G. Costello, Esq.