UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH and
SHERRY ANN TERMARSCH,

      Plaintiffs,

v.                                                  Case No. 05-73137
                                                  Honorable Patrick J. Duggan

HOMEEQ SERVICING CORPORATION,
DEUTSCHE BANK NATIONAL TRUST CO.,
NEW CENTURY MORTGAGE,
FABRIZIO & BROOK, P.C., and JONATHAN
L. ENGMAN,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' DEMAND FOR ENTRY OF DEFAULT JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 18, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this *pro se* lawsuit on August 15, 2005, raising several claims against defendants apparently related to a mortgage on real property. Some of the defendants, including New Century Mortgage Corporation ("New Century"), subsequently filed separate motions for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Apparently in response to defendants' motions, plaintiffs filed an amended complaint on September 19, 2005. New Century and

1

defendant HomeEq Servicing Corporation filed answers to the amended complaint on October 3 and 4, 2005, respectively. On October 3, defendant Fabrizio & Brooks filed a motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted.

On October 3, 2005, plaintiffs filed a motion for default judgment with respect to New Century. When the Clerk of the Court denied plaintiffs' motion, plaintiffs filed a "Motion for a Hearing On Plaintiff's [sic] Motion for Default Judgement Under Rule 55(a)(1) and (2)." In their motion, plaintiffs claimed that the Clerk should have entered a default judgment against New Century and they asked the Court to schedule a hearing with respect to their motion for default judgment. On October 21, 2005, this Court issued an Opinion and Order denying plaintiffs' October 18 motion for default judgment based on the fact that New Century had filed a timely answer to plaintiffs' amended complaint.

On November 16, 2005, the Court received a letter from plaintiffs (directed to the Clerk of the Court) and several documents in which plaintiffs again assert their entitlement to a default judgment against New Century. In these papers, Plaintiffs also contend that the Court's October 21, 2005 Opinion and Order is void because it was "unsigned."

For the reasons stated in this Court's October 21, 2005 Opinion and Order, plaintiffs are not entitled to a default judgment against New Century. In its Opinion and Order, the Court explained why New Century complied with the Federal Rules of Civil Procedure in responding to plaintiffs' initial and amended complaints and will not do so

again here.[1]  The Court's Opinion and Order is not void for lack of a signature, as it in fact does contain a "signature" for purposes of electronic filing.[2]

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Demand for Default Judgment is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
David Lee & Sherry Ann TerMarsch
C. Thomas Ludden, Esq.
Marilyn H. Mitchell, Esq.
Thomas G. Costello, Esq.

---

[1] The Court advises plaintiffs that it will not respond to any further motions requesting a default judgment as to New Century.

[2] This Court, like many courts across the country, uses an automated system to receive and store papers filed in a case– i.e. an electronic filing system.  Documents filed electronically will not bear an actual signature of the individual filing the document, but instead with provide the filer's or issuer's name preceded by an "s/."