UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH and
SHERRY ANN TERMARSCH,

      Plaintiffs,

v.   Case No. 05-73137
    Honorable Patrick J. Duggan

HOMEQ SERVICING CORPORATION,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, NEW CENTURY MORTGAGE, and
FABRIZIO & BROOK, P.C.,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 13, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs David TerMarsch and Sherry Ann TerMarsch, husband and wife, filed this lawsuit on August 15, 2005, alleging that Defendants violated various federal laws with respect to Plaintiffs' mortgage on real property in Metamora, Michigan.[1] After Defendants filed motions for more definite statement, Plaintiffs filed an amended complaint on September 19, 2005. Plaintiffs' amended complaint contains twenty-two

---

[1] On November 18, 2005, this Court issued an Opinion and Order dismissing Plaintiffs' claims against Defendant Fabrizio & Brooks.

1

causes of action in which Plaintiffs primarily allege that Defendants failed to disclose or provide certain documentation or information with respect to their mortgage. Plaintiffs also claim that Defendants wrongfully refused to accept the "instrument" Plaintiffs tendered in full payment of their loan and then improperly sought to foreclose on the property securing the loan when Plaintiffs failed to submit any further monthly mortgage payments. Plaintiffs seek an order enjoining Defendants from foreclosing on their property, rescission of the mortgage, and monetary damages.

Currently pending before the Court is Plaintiffs' motion for summary judgment and a motion to dismiss or, alternatively, motion for summary judgment filed by Defendants' HomEq Servicing Corporation ("HomEq") and Deutsche Bank National Trust Company ("Deutsche Bank"). HomEq and Deutsche Bank filed a response to Plaintiffs' motion, as did Defendant New Century Mortgage Corporation.[2] Plaintiffs failed to respond to HomEq's and Deutsche Bank's motion. On February 1, 2006, this

---

[2]On February 24, 2006, Plaintiffs filed a motion entitled "Plaintiffs' motion to strike NEW CENTURY MORTGAGE CORPORATION'S opposition to and brief in support of its opposition to plaintiffs' motion for summary judgment for the breach of contract, NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY, ADMINISTRATIVE REMEDY, in which the officers of NEW CENTURY MORTGAGE CORPORATION agreed by their silence and default, that once said officers admitted the statements and claims by TACIT PROCURATION, all issues would be deemed settled RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL." As explained *infra* at pages 3-4, the Court disagrees with Plaintiffs that New Century has admitted by "silence and default" the claims in this lawsuit. Thus this Court concludes that New Century was entitled to file an opposition and brief in support of its opposition to Plaintiffs' motion for summary judgment. Plaintiffs' motion to strike therefore will be denied.

Court issued a notice informing the parties that it is dispensing with oral argument pursuant to Rule 7.1(e)(2) of the Local Rules for the Eastern District of Michigan.

### Plaintiffs' Motion for Summary Judgment

Relying on Mr. TerMarsch's January 2005 "Notice of Commercial Claim in Admiralty Administrative Remedy," an apparent "Amended Notice" sent on January 27, 2005, his July 5, 2005 letter to Defendants, and his July 18, 2005 affidavit, Defendants alleged failure to respond to those communications, and a document entitled "Notarial Protest and Notice of Administrative Judgment Certificate of Dishonor (*see* Pls.' Mot. Ex. D), Plaintiffs claim that the allegations in their complaint should be deemed admitted and that they therefore are entitled to summary judgment.

Plaintiffs cite no authority for this Court to treat as admitted the allegations contained in Mr. TerMarcsh's pre-suit letter, affidavit, and/or notices to Defendants. While Mr. TerMarsch refers to the APA in the affidavit he sent to Defendants, the APA– which relates to federal agency action– has no application to Plaintiffs' claims or mortgage. The Real Estate Settlement Procedures Act ("RESPA") referred to in Mr. TerMarsch's July 5, 2005 letter authorizes a borrower to submit certain inquiries to a loan servicer. *See* 12 U.S.C. § 2605(e). Plaintiffs, however, fail to cite any provision in the statute that would render any statements in the borrower's communications admitted if not responded to by the loan servicer.

The final document on which Plaintiffs rely, *see* Pls.' Mot. Ex. D, refers to Plaintiffs' January 2005 "Notice of International Commercial Claim in Admiralty

Administrative Remedy" and "Amended Notice."  Plaintiffs state in Exhibit D to their motion that they allowed ten days for Defendants to respond to these notices, but no response was made.  *See id*.  The Court cannot comprehend exactly what Exhibit D purportedly represents; nevertheless, the Court is convinced that Plaintiffs' claims in this lawsuit and their mortgage loan have nothing to do with admiralty law.[3]  *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 125 S. Ct. 385, 393 (2004)(explaining how to ascertain whether a contract arises under maritime or admiralty law).

The Court therefore finds no authority to support Plaintiffs' claim that Defendants admitted the allegations in Mr. TerMarsch's affidavit, letter, or notices "by silence and default."  As Plaintiffs present no other evidence to support their claims, the Court does not agree with Plaintiffs that the allegations in their complaint are "facts not in dispute."  Thus the Court concludes that they are not entitled to summary judgment.

### HomEq's and Deutsche Bank's Motion to Dismiss or, Alternatively, for Summary Judgment[4]

HomEq and Deutsche Bank contend that Plaintiffs' claims are not supported by the laws they cite or that the facts do not support a violation of those laws.  The Court has

---

[3] Exhibit D also refers to "**ADMINISTRATIVE JUDGMENT BY ESTOPPEL**" in accordance with Uniform Commercial Code Section 3-509.  *See* Pls.' Mot. Ex. D at 2.  U.C.C. Section 3-509 does not exist.

[4] As the Court relies on exhibits attached to the motion, as well as exhibits attached to Plaintiffs' motion for summary judgment and Defendants' responses thereto, it will treat HomEq's and Deutsche Bank's motion as a motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

carefully reviewed Plaintiffs' amended complaint, HomEq's and Deutsche Bank's motion, and the brief in support of the motion. For the reasons set forth in the motion and accompanying brief, the Court concludes that Plaintiffs fail to state a claim upon which relief may be granted against HomEq and Deutsche Bank or that they fail to present evidence to support their claims against these defendants.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that HomEq's and Deutsche Bank's motion for summary judgment is **GRANTED** and therefore Plaintiffs' claims against these defendants are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED**, that Plaintiffs' motion to strike New Century's opposition to and brief in support of its opposition to Plaintiffs' motion for summary judgment is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
David Lee and Sherry Ann TerMarsch
Thomas G. Costello, Esq.
Marilyn H. Mitchell, Esq.