UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE TERMARSCH and
SHERRY ANN TERMARSCH,

      Plaintiffs,

v.                                                                                            Case No. 05-73137
                                                              Honorable Patrick J. Duggan

HOMEQ SERVICING CORPORATION,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, NEW CENTURY MORTGAGE, and
FABRIZIO & BROOK, P.C.,

      Defendants.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO STAY CASE</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 26, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

      Plaintiffs David TerMarsch and Sherry Ann TerMarsch filed this lawsuit on August 15, 2005, alleging that Defendants violated various federal laws with respect to Plaintiffs' mortgage on real property in Metamora, Michigan. According to an amended complaint containing twenty-two causes of action, filed on September 19, 2005, Plaintiffs primarily allege that Defendants failed to disclose or provide certain documentation or information with respect to Plaintiffs' mortgage. At this time, only Plaintiffs' claims against Defendant New Century Mortgage ("New Century") remain pending; the Court

1

previously dismissed Plaintiffs' claims against the other Defendants.  Presently before the Court is Plaintiffs' motion to stay this action pending the resolution of another lawsuit David TerMarsch filed against the same Defendants named in this lawsuit, in addition to other individuals.  That action, which was filed in state court in early May 2006 and was removed to federal court on June 6, 2006, currently is pending before this Court.  *TerMarsch v. Fabrizio & Brook P.C., et al.*, Case No. 06-12514 (E.D. Mich).

In their motion to stay this case, Plaintiffs assert that in Case No. 06-12514, Mr. TerMarsch "ha[s] brought up issues that could have a devastating outcome of this case, the issues are necessary to show standing in jurisdiction by the defendants."  *See* Pls.' Mot. ¶ 2.  Plaintiffs assert that they "request this stay . . . in order to stop any undue hardship" to them.  *See id.* ¶ 5.  New Century opposes Plaintiffs' motion, arguing that the Federal Rules of Civil Procedure do not allow for a stay based simply on a party's desire to delay summary judgment.  New Century points out that Plaintiffs have not identified the "undue hardship" they will suffer if this matter is not stayed and note that, in any event, any hardship is the creation of Mr. TerMarsch, who instituted the second lawsuit.

While a district court has the discretion to stay a proceeding pending the outcome of other litigation, Plaintiffs have not provided this Court with any reason to exercise its discretion in this case.  This lawsuit, which was filed on August 15, 2005, was pending for almost nine months before Mr. TerMarsch filed his second lawsuit.  During that time period, the deadlines for discovery and for filing dispositive motions in this case were extended multiple times.  Therefore, resolution of Plaintiffs' complaint already has taken

longer than this Court finds necessary. While Mr. TerMarsch's complaint was removed to federal court in early June, Plaintiffs only now move to stay their lawsuit in light of that case. Notably, Plaintiffs' request comes after the close of discovery (10/9/06) and only shortly before the deadline for filing dispositive motions (10/23/06).[1] The Court finds no justifiable reason for staying this action at this late date.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion to stay is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
David Lee and Sherry Ann TerMarsch
6136 Morningview Dr.
Lakeland FL 33813

Thomas G. Costello, Esq.

---

[1] In fact, New Century filed a motion for summary judgment on October 23, 2006, which is pending before the Court.